FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

02 AUG -7 AM 8:16

U.S. DISTRICT COURT
N.D. OF ALABAMA

HERBERT IVORY, )
 )
    Plaintiff, )
 )
vs. ) CV 01-C-525-W
 )
MICHAEL HAZLEY, Sergeant, et al., )
 )
    Defendants. )

ENTERED
AUG 7 2002

## MEMORANDUM OF OPINION

    This is a civil action pursuant to 42 U.S.C. § 1983 filed by the plaintiff, Herbert Ivory, on February 28, 2001, alleging that his constitutional rights were violated while he was incarcerated in Bibb County Correctional Facility, in Brent, Alabama. In his *pro se* complaint, plaintiff names as defendants Sergeant Darryl Fails, Sergeant Michael Hazley, COI Mattie Avery, and COI Sandra Mahan.[1] He contends that these defendants subjected him to excessive force, and that defendants Fails and Hazley violated his first amendment right to freedom of religion. As compensation for the alleged constitutional violations, plaintiff seeks monetary, declaratory, and injunctive relief.

    On July 9, 2002, the magistrate judge entered a report and recommendation, recommending that summary judgment be granted in part and denied in part as to the above named defendants. Said recommendation was amended on July 10, 2002. No objections have been filed by either party.

    Having carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendation, the Court is of the opinion that the magistrate judge's findings of fact and conclusions of law are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. The Court finds that the parties' motions for summary judgment are due to be GRANTED IN PART and DENIED IN PART as follows:

---

[1] Plaintiff named additional defendants and claims in his original complaint. However, those claims were dismissed by the undersigned on July 24, 2001, pursuant to 28 U.S.C. 1915A.

1. The Court EXPRESSLY FINDS that there are no genuine issues of material fact showing that defendants Mahan and Avery subjected the plaintiff to excessive force. Therefore, defendants Mahan and Avery are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment filed by defendants Mahan and Avery is due to be GRANTED and this claim is due to be DISMISSED WITH PREJUDICE.

2. The Court EXPRESSLY FINDS that there are no genuine issues of material fact showing that defendants Fails and Hazley violated the plaintiff's first amendment right to freedom of religion. Therefore, defendants Fails and Hazley are entitled to judgment as a matter of law with regard to this claim. Accordingly, the motion for summary judgment filed by defendants Fails and Hazley is due to be GRANTED and the freedom of religion claim is due to be DISMISSED WITH PREJUDICE.

3. The Court EXPRESSLY FINDS that there are genuine issues of material fact showing that defendants Fails and Hazley subjected the plaintiff to excessive force. Therefore, defendants Fails and Hazley are not entitled to judgment as a matter of law and the motion for summary judgment filed by defendants Fails and Hazley with regard to this claim is due to be DENIED.

Therefore, the excessive force claim against defendants Fails and Hazley is due to be REFERRED to magistrate judge John E. Ott for further proceedings.

DATED this _____ day of ____August____, 2002.

_____
Chief United States District Judge
U. W. Clemon